IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVONTE' CLARK<br>12004 Martin Luther King Drive<br>Cleveland, OH 44105 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| | )<br>) | **AND REINSTATEMENT** |
| ITS TECHNOLOGIES & LOGISTICS, LLC<br>5300 Green Hurst Dr<br>Maple Heights, OH 44137 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve also:**<br>ITS Technologies & Logistics, LLC<br>c/o Corporation Service Company<br>1160 Dublin Rd.<br>Ste 400<br>Columbus, OH 43215 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| CARLOS GONZALES, SR.<br>c/o ITS Technologies & Logistics, LLC<br>5300 Green Hurst Dr<br>Maple Heights, OH 44137 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| DANIEL SOLKA<br>c/o ITS Technologies & Logistics, LLC<br>5300 Green Hurst Dr<br>Maple Heights, OH 44137 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| MARCUS STEEL<br>c/o ITS Technologies & Logistics, LLC<br>5300 Green Hurst Dr<br>Maple Heights, OH 44137 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Davonte' Clark, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

### PARTIES

1. Clark is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. ITS Technologies & Logistics ("ITS Technologies") is a foreign limited liability company that operates a place of business located at 5300 Green Hurst Dr, Maple Heights, OH 44137.

3. ITS Technologies was at all times hereinafter mentioned an employer within the meaning of The Americans with Disabilities Act ("ADA"), 42 U.S.C. 126 § 12101 *et seq*.

4. ITS Technologies was at all times hereinafter mentioned an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. 2000e-2 *et seq*.

5. ITS Technologies was at all times hereinafter mentioned an employer within the meaning of the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq*.

6. ITS Technologies was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

7. Upon information and belief, Carlos Gonzales, Sr. is a resident of the state of Ohio.

8. Gonzales made and/or participated in the adverse actions asserted herein.

9. Upon information and belief, Daniel Solka is a resident of the state of Ohio.

10. Solka made and/or participated in the adverse actions asserted herein.

11. Upon information and belief, Marcus Steel is a resident of Ohio.

12. Steel made and/or participated in the adverse actions asserted herein.

### JURISDICTION & VENUE

13. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Clark is alleging a Federal Law Claim under Title VII, the ADA, and the FMLA.

2

14. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Clark's state law claims because those claims derive from a common nucleus of operative facts.

15. All of the material events alleged in this Complaint occurred in Cuyahoga County.

16. Within two years of the conduct alleged below, Clark dual-filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") against Defendants.

17. On or about March 6, 2025, the OCRC issued and mailed Notice of Right to Sue letters to Clark regarding the Charges of Discrimination against Defendants Gonzales, Solka, and Steel.

18. On or about June 16, 2025, the EEOC issued and mailed a Notice of Right to Sue Letters to Clark regarding the Charge of Discrimination against Defendant ITS Technologies.

19. Clark has properly exhausted his administrative remedies pursuant to R.C. § 4112.052(B)(2)(b).

20. Clark has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

21. Venue is proper pursuant to 23 U.S.C. § 1391.

22. Clark has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter from the EEOC.

### FACTS

23. Clark is a former employee of ITS Technologies.

24. ITS Technologies hired Clark on or around September 15, 2022.

25. ITS Technologies employed Clark as a Mechanic.

26. Clark is African American.

27. Clark has Post Traumatic Stress Disorder ("PTSD") and anxiety.

28. Clark's conditions substantially limit Clark's major life functions, including neurological functions and working.

29. Clark is disabled within the meaning of the ADA.

30. Clark is disabled within the meaning of R.C. § 4112.01 *et seq.*

31. In the alternative, ITS Technologies perceived Clark as being disabled.

32. Despite this actual or perceived disabling condition, Clark was still able to perform the essential functions of his job.

33. ITS Technologies, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C §2611(4).

34. At all times relevant herein, Clark was employed by ITS Technologies for at least 12 months and had at least 1,250 hours of service with ITS Technologies and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

35. During all relevant times, Clark qualified for FMLA leave.

36. Clark placed ITS Technologies on notice of the need for medical leave.

37. Since the beginning of Clark's employment in 2022, Clark attended Veterans Administration group therapy sessions ("VA Group Therapy").

38. The VA Group Therapy helped veterans manage service-related PTSD.

39. Clark attended the VA Group Therapy in order to manage his PTSD.

40. Clark attended the VA Group Therapy on weekday mornings.

41. The VA Group Therapy required Clark to arrive to work about an hour late.

42. Clark arrived about an hour late to work twice per month.

4

43. ITS Technologies authorized Clark's accommodation to attend VA Group Therapy.

44. On or around September 7, 2023, Clark hurt his hand and knee outside of work ("Hand And Knee Injury").

45. Clark's Hand And Knee Injury made Clark unable to perform his usual tasks at work.

46. Clark's doctor recommended that Clark be placed on light duty for his Hand And Knee Injury.

47. Clark put Defendants on notice of an accommodation request to be placed on light duty for his Hand and Knee Injury ("Accommodation Request").

48. Clark's Accommodation Request was reasonable.

49. Clark's Accommodation Request did not cause an undue hardship on Defendants.

50. Defendant did not determine if Clark's Accommodation Request would cause an undue hardship.

51. Defendants have no contemporaneously created documents reflecting any effort to determine if Clark's Accommodation Request would cause an undue hardship.

52. After the Accommodation Request, no one at ITS Technologies engaged in an interactive process to find a reasonable accommodation for Clark's disability.

53. During all relevant times herein, Daniel Solka was a Director at ITS Technologies.

54. Solka is Caucasian.

55. Solka denied Clark's Accommodation Request.

56. Solka suspended Clark without pay while Clark recovered from his Hand And Knee Injury.

57. Clark returned to work in or around October 2023.

58. In or around October 2022, prior to Clark's Hand And Knee Injury, Solka accommodated Mechanic Raymond Haggard's knee injury.

59. Haggard is Caucasian.

60. Haggard performed light-duty tasks while recovering from his knee injury.

61. Haggard's knee injury was more limiting than Clark's Hand And Knee Injury.

62. Clark could have performed the same tasks that Haggard performed while on light duty.

63. Light-duty restrictions for Mechanics included office work.

64. If Clark were to have performed office work, he would have worked closely with Solka.

65. Upon information and belief, Solka did not grant Clark's Accommodation Request because Solka did not want to work closely together with an African American.

66. On or around September 15, 2023, Clark became eligible for reduced-schedule FMLA leave.

67. Clark satisfied all requirements for his ongoing mental health treatment.

68. Upon information and belief, Clark also qualified for continuous FMLA leave related to his Hand And Knee Injury recovery.

69. ITS Technologies failed in its obligation to inform Clark of his eligibility for job-protected leave.

70. During all relevant times herein, Marcus Steel was a Terminal Manager at ITS Technologies.

71. Steel is Caucasian.

72. Steel instructed Clark to call off of work for each of his VA Group Therapy sessions.

73. In or around December 2023, Steel finally informed Clark that he should apply for FMLA leave.

74. Clark entered his information into the Employee application DayForce to apply for FMLA leave, as instructed by Steel.

75. Defendants did not respond to Clark's request for FMLA leave.

76. Defendants' lack of response to Clark's FMLA leave request interfered with Clark's right to apply for FMLA leave.

77. In or around January 2024, ITS Technologies hired Carlos Gonzales Jr. as Clark's new Manager.

78. Gonzales is non-African American Hispanic.

79. On or around January 8, 2024, Clark messaged Steel to inform him that he would be late on January 10, 2024, due to his routine VA Group Therapy.

80. It was typical that Clark would message Steel one or two days before his scheduled VA Group Therapy.

81. When Clark messaged Steel about his VA Group Therapy, Steel always approved the leave.

82. On or around January 10, 2024, Clark arrived at work about an hour late, following his routine VA Group Therapy.

83. On or around January 10, 2024, Gonzales refused to continue accommodating Clark's VA Group Therapy and instructed Clark that he was no longer permitted to attend his VA Group Therapy.

84. Solka told Clark that he was willing to "forgive" Clark for being late on January 10, 2024, but that he was no longer willing to accommodate Clark's VA Group Therapy.

85. Clark explained to Solka that he had been taking time to go to his VA Group Therapy for over a year, and his therapy had never been a problem in the past.

86. Solka continued to refuse to accommodate Clark.

87. Solka told Clark that Clark needed to be at work early the following day or he would be terminated.

88. On or around January 11, 2024, Clark arrived at work as instructed by Solka.

89. During the workday, Clark's work vehicle stopped working.

90.  Clark brought his work vehicle to the repair shop for maintenance, per company policy.

91. When Solka discovered that Clark was not at his worksite, Solka became irate and called Clark to yell at him.

92. Clark returned to his worksite after the repair and met up with Solka.

93. Solka continued to berate Clark.

94. Solka stated, "Something is always happening with you every fucking day, no one knows where you are."

95. Solka said "no one knows where you are" in reference to Clark's VA Group Therapy sessions.

96. Solka invoked Clark's race by saying "your Black ass is going to stay in this area."

97. Solka concluded his berating of Clark by terminating Clark.

98. On or around January 11, 2024, ITS Technologies, through Solka, terminated Clark.

99. Defendants' purported reason for Clark's termination is pretext for discrimination.

100. Defendants did not proffer a legitimate non-discriminatory reason for terminating Clark.

101. Defendants have a Progressive Disciplinary Policy.

102. Defendants used a Progressive Disciplinary Policy.

103. Defendants used a Progressive Disciplinary Policy for employees who are not African American.

104. Under the Progressive Disciplinary Policy, Clark had not been given a written warning.

105. Under the Progressive Disciplinary Policy, Clark had not been given a final written warning.

106. Under the Progressive Disciplinary Policy, Clark had not been given a suspension.

107. Defendants terminated Clark in violation of the Progressive Discipline Policy.

108. Prior to terminating Clark, Defendants never issued any written communication criticizing Clark for any reason.

109. Defendants terminated Clark based on his race.

8

110. Defendants terminated Clark based on his disability.

111. Defendants terminated Clark in retaliation for attempting to use FMLA leave.

112. Defendants terminated Clark based on his Accommodation Request.

113. Upon information and belief, following Clark's termination of employment, Defendants hired or retained an individual outside of Clark's protected class to replace Clark.

114. As a result of Defendants' conduct, Clark suffered, and will continue to suffer damages.

### COUNT I: <u>RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2</u>
**(As To Defendant ITS Technologies)**

115. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

116. Throughout his employment, Clark was fully competent to perform his essential job duties.

117. ITS Technologies treated Clark differently than other similarly situated employees based on his race.

118. ITS Technologies violated 42 U.S.C. 2000e-2 by discriminating against Clark due to his race.

119. On or about January 11, 2024, ITS Technologies terminated Clark without just cause.

120. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

121. Defendant terminated Clark based on his race.

122. Defendant violated 42 U.S.C. 2000e-2 when they terminated Clark based on his race.

123. Clark suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2.

124. As a direct and proximate result of Defendant's conduct, Clark has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: <u>RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*</u>
### (As To Defendant ITS Technologies)

125.   Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

126.   Throughout his employment, Clark was fully competent to perform his essential job duties.

127.   ITS Technologies treated Clark differently than other similarly situated employees based on his race.

128.   ITS Technologies violated R.C. § 4112.01 *et seq*. by discriminating against Clark due to his race.

129.   On or about January 11, 2024, ITS Technologies terminated Clark without just cause.

130.   At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

131.   Defendant terminated Clark based on his race.

132.   Defendant violated R.C. § 4112.01 *et seq*. when they terminated Clark based on his race.

133.   Clark suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

134.   As a direct and proximate result of Defendants' conduct, Clark has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: <u>DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 et seq.</u>
### (As To Defendant ITS Technologies)

135.   Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136.   Clark suffers from PTSD and anxiety.

137.   During his employment, Clark suffered from a Hand and Knee Injury.

138. Clark is disabled.

139. In the alternative, ITS Technologies perceived Clark as being disabled.

140. ITS Technologies treated Clark differently than other similarly-situated employees based on his disabling condition.

141. On or about January 11, 2024, ITS Technologies terminated Clark's employment without just cause.

142. ITS Technologies terminated Clark based on his disability.

143. Alternatively, ITS Technologies terminated Clark based on his perceived disability.

144. ITS Technologies violated 42 U.S.C. 126 § 12101 *et seq*. when it terminated Clark based on his disability.

145. Alternatively, ITS Technologies violated 42 U.S.C. 126 § 12101 *et seq*. when it terminated Clark based on his perceived disability.

146. ITS Technologies violated 42 U.S.C. 126 § 12101 *et seq*. by discriminating against Clark based on his disabling conditions.

147. Alternatively, ITS Technologies violated 42 U.S.C. 126 § 12101 *et seq*. by discriminating against Clark based on his perceived disabling condition.

148. Clark suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

149. As a direct and proximate result of Defendant's conduct, Clark suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: <u>DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.*01 et seq.*</u>**
**(As To Defendant ITS Technologies)**

150. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

151. Clark suffers from PTSD and anxiety.

152. During his employment, Clark suffered from a Hand and Knee Injury.

153. Clark is disabled.

154. In the alternative, ITS Technologies perceived Clark as being disabled.

155. ITS Technologies treated Clark differently than other similarly-situated employees based on his disabling condition.

156. On or about January 11, 2024, ITS Technologies terminated Clark's employment without just cause.

157. ITS Technologies terminated Clark based on his disability.

158. Alternatively, ITS Technologies terminated Clark based on his perceived disability.

159. ITS Technologies violated R.C. § 4112.01 *et seq.* when it terminated Clark based on his disability.

160. Alternatively, ITS Technologies violated 42 R.C. § 4112.01 *et seq.* when it terminated Clark based on his perceived disability.

161. ITS Technologies violated R.C. § 4112.01 *et seq.* by discriminating against Clark based on his disabling conditions.

162. Alternatively, ITS Technologies violated R.C. § 4112.01 *et seq.* by discriminating against Clark based on his perceived disabling conditions.

12

163. Clark suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

164. As a direct and proximate result of Defendant's conduct, Clark suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT V: <u>DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF THE ADA</u>**
**(As To Defendant ITS Technologies)**

165. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

166. Clark informed ITS Technologies of his disabling condition.

167. Clark requested accommodations from ITS Technologies to assist with his disabilities including moving working with light duty restrictions.

168. Clark's requested accommodations were reasonable.

169. There was an accommodation available that would have been effective and would have not posed an undue hardship to ITS Technologies.

170. ITS Technologies failed to engage in the interactive process of determining whether Clark needed an accommodation.

171. ITS Technologies failed to provide an accommodation.

172. ITS Technologies violated 42 U.S.C. 126 § 12101 *et seq*.

173. Clark suffered emotional distress as a result of ITS Technologies' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

174. As a direct and proximate result of ITS Technologies' conduct, Clark suffered and will continue to suffer damages, including economic and emotional distress damages.

13

**COUNT VI: <u>DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF R.C. § 4112.02(A), *et seq.*</u>**
**(As To Defendant ITS Technologies)**

175. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

176. Clark informed ITS Technologies of his disabling condition.

177. Clark requested accommodations from ITS Technologies to assist with his disabilities including working with light duty restrictions.

178. Clark's requested accommodations were reasonable.

179. There was an accommodation available that would have been effective and would have not posed an undue hardship to ITS Technologies.

180. ITS Technologies failed to engage in the interactive process of determining whether Clark needed an accommodation.

181. ITS Technologies failed to provide an accommodation.

182. ITS Technologies violated R.C. §4112.01 *et seq*. by failing to provide Clark a reasonable accommodation.

183. Clark suffered emotional distress as a result of ITS Technologies' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

184. As a direct and proximate result of ITS Technologies' conduct, Clark suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VII: <u>UNLAWFUL INTERFERENCE WITH FMLA RIGHTS</u>**
**(As To Defendant ITS Technologies)**

185. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

14

186. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

187. ITS Technologies is a covered employer under the FMLA.

188. During his employment, Clark qualified for FMLA leave.

189. During his employment, Clark attempted to request FMLA leave by asking Defendant for a reduced schedule.

190. Defendant failed to properly advise Clark of his rights under the FMLA.

191. Defendant unlawfully interfered with Clark's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

192. Defendant's act of writing Clark up during his FMLA leave violated and interfered with Clark's FMLA rights.

193. Defendant violated section 825.300(c)(1) of the FMLA and interfered with Clark's FMLA rights when Defendants did not honor Clark's approved use of FMLA leave.

194. As a direct and proximate result of Defendant's conduct, Clark is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

**COUNT VIII: <u>RETALIATION IN VIOLATION OF THE FMLA</u>**

195. Clark restates each and every paragraph of this Complaint, as if it were fully restated herein.

196. ITS Technologies is subject to the provisions of the FMLA.

197. As of September 15, 2023, Clark became qualified for protected leave under the FMLA.

198. As of September 15, 2023, Clark worked at ITS Technologies for at least 12 months.

199. As of September 15, 2023, Clark had at least 1,250 hours of service for ITS Technologies during the previous 12 months.

200. As of September 15, 2023, Clark was entitled to utilize FMLA leave for his VA Group Therapy.

201. During his employment, Clark requested FMLA leave.

202. After Clark requested his qualified FMLA leave, Defendants retaliated against him.

203. ITS Technologies willfully retaliated against Clark in violation of U.S.C. § 2615(a).

204. As a direct and proximate result of Defendants' conduct, Clark is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## COUNT IX: <u>RETALIATION IN VIOLATION OF TITLE VII</u>

205. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

206. As a result of the Defendants' discriminatory conduct described above, Clark complained about the race discrimination he was experiencing.

207. Subsequent to Clark's reporting of race discrimination to Defendants, Defendants failed to take prompt remedial action.

208. Subsequent to Clark's reporting of race discrimination to Defendants, Defendants ratified the discrimination that Plaintiff suffered.

209. Subsequent to Clark's reporting of race discrimination to Defendants, Defendants terminated Clark's employment.

210. Defendants' actions were retaliatory in nature based on Clark's opposition to the unlawful discriminatory conduct.

16

211. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

212. Clark suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant Title VII.

213. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Clark, he suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT X: <u>RETALIATION IN VIOLATION OF THE ADA</u>

214. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

215. As a result of the Defendants' discriminatory conduct described above, Clark complained about the disability discrimination he was experiencing.

216. Subsequent to Clark's reporting of disability discrimination to Defendants, Defendants failed to take prompt remedial action.

217. Subsequent to Clark's reporting of disability discrimination to Defendants, Defendants ratified the discrimination that Plaintiff suffered.

218. Subsequent to Clark's reporting of disability discrimination to Defendants, Defendants terminated Clark's employment.

219. Defendants' actions were retaliatory in nature based on Clark's opposition to the unlawful discriminatory conduct.

17

220. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

221. Clark suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant the ADA.

222. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Clark, he suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT XI: <u>RETALIATION IN VIOLATION OF R.C. § 4112.02(I)</u>

223. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

224. As a result of the Defendants' discriminatory conduct described above, Clark complained about the discrimination he was experiencing.

225. Subsequent to Clark's reporting of discrimination to Defendants, Defendants failed to take prompt remedial action.

226. Subsequent to Clark's reporting of discrimination to Defendants, Defendants ratified the discrimination that Plaintiff suffered.

227. Subsequent to Clark's reporting of discrimination to Defendants, Defendants terminated Clark's employment.

228. Defendants' actions were retaliatory in nature based on Clark's opposition to the unlawful discriminatory conduct.

229. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

230. Clark suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

231. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Clark, he suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT XII: <u>UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION</u>
### (As To Defendants Gonzales, Solka, And Steel Only)

232. Clark restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

233. Pursuant to R.C. § 4112.02(J), it is unlawful "[f] or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

234. Gonzales aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory termination of Clark.

235. Gonzales aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory treatment of Clark.

236. Gonzales violated R.C. § 4112.02(J) by aiding, abetting and inciting discrimination.

237. Solka aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory termination of Clark.

238. Solka aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory treatment of Clark.

239. Solka violated R.C. § 4112.02(J) by aiding, abetting and inciting discrimination.

240. Steel aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory termination of Clark.

241. Steel aided, abetted, incited, coerced, and/or compelled ITS Technologies' discriminatory treatment of Clark.

242. Steel violated R.C. § 4112.02(J) by aiding, abetting and inciting discrimination.

243. Clark suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

244. As a direct and proximate result of Defendants' conduct, Clark has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Davonte' Clark demands from Defendants the following:

(a) Issue an order requiring ITS Technologies to restore Clark to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Clark for lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Clark's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

20

Respectfully submitted,

/s/ *Taurean J. Shattuck, Esq.*

Taurean Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive
Suite 200
Independence, OH 44131
Phone: (216) 364-1348
Fax:     (216) 291-5744
Email: taurean.shattuck@spitzlawfirm.com

*Attorney For Plaintiff*
*Davonte' Clark*

21

## JURY DEMAND

Plaintiff Davonte' Clark demands a trial by jury by the maximum number of jurors permitted.

/s/ *Taurean J. Shattuck, Esq.*

Taurean Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**